UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN GALVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 607 |
| ) | |
| KRUEGER INTERNATIONAL, INC., a ) | |
| Wisconsin Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| KRUEGER INTERNATIONAL, INC., a ) | |
| Wisconsin Corporation, ) | Magistrate Judge Susan E. Cox |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| United States, ) | |
| Third-Party Defendant. ) | |

MEMORANDUM OPINION AND ORDER

John Galvan ("plaintiff"), while working at the United States Postel Service ("USPS") located in Chicago, Illinois, was injured after a chair and table apparatus he was seated in collapsed. Plaintiff brought a two count complaint against the manufacturer of the chair and table apparatus, Krueger International, Inc. ("Krueger"): Count I alleges strict product liability and Count II alleges negligence. Subsequently, Krueger brought a third-party complaint against the United States, alleging that the negligence of the USPS resulted in the plaintiff's injuries. Now before the Court is a motion for summary judgment filed by defendant Krueger [dkt 91]. Krueger contends that the Illinois product liability statute of repose, which prevents a plaintiff from bringing a strict product liability claim ten years after the date that the product was sold to its initial user, bars plaintiff's

strict product liability count. Therefore, the date that the chair and table apparatus arrived in possession of the USPS is of critical importance to this motion.

## I. Background Facts

Krueger submitted a statement of facts pursuant to Local Rule 56.1.[1] However, plaintiff disputes many of the exhibits that Krueger uses to support those facts. The Court will discuss specific objections to Krueger's exhibits in the analysis section of this opinion.

While working at the USPS located at 11560 West Irving Park Road in Chicago, Illinois on February 11, 2004, plaintiff injured his spine when the chair and table apparatus he was seated in collapsed.[2] The chair and table apparatus, known as the Cluster 6000 (hereinafter referred to as "the apparatus"), was manufactured by Krueger.[3] The apparatus was initially purchased by Moreno Management Company ("Moreno") with the intention that Moreno would then resell the apparatus to the USPS.[4] Moreno, who is not a party to this lawsuit, ordered the apparatus on October 15, 1993, as is exhibited by a Krueger invoice.[5] According to that invoice, the apparatus was scheduled to be shipped on December 3, 1993 to the Chicago USPS location.[6] In addition, a handwritten note on a "special invoice" states that the product was to be delivered to the USPS location, "no later than the 2nd week, December."[7] After the Court's review of the materials, it appears that the "special invoice" is used when Krueger enters into an agreement with an intermediary, who then agrees to resell the product to a final user.[8] There is also an instruction on this special invoice that the

---

[1] Facts taken from Krueger's Local Rule 56.1 statements hereinafter cited as Krueger ¶___; Krueger's exhibits submitted for purposes of this motion hereinafter cited as Krueger Ex.___.
[2] Krueger ¶ 11.
[3] Krueger ¶ 4.
[4] Krueger ¶ 13.
[5] Krueger ¶ 13; Krueger Ex. B.
[6] Krueger ¶ 14.
[7] Krueger ¶ 15.
[8] Krueger Ex. C.

apparatus ordered by Moreno is to be shipped in conjunction with a separate order for stand alone tables and chairs.[9] This separate order was made directly by the USPS on October 8, 1993 and, according to that invoice, was to be shipped on December 3, 1993.[10] Krueger also submits shipping manifests, which appear to be dated December 2, 1993 and indicate that these items were shipped.[11] These shipping manifests also indicate that the items were shipped from a Krueger facility located in Green Bay, Wisconsin.[12] The Green Bay, Wisconsin Krueger facility is approximately 200 miles driving distance from the USPS location.[13]

For purposes of this motion, Krueger submits an affidavit completed by Timothy Van Severen, who is the Corporate Risk Manager at Krueger. Mr. Van Severen has been employed at Krueger since November 1998 and states that the invoice procedures have remained the same since 1993.[14] He affirms that according to Krueger policies and procedures, after examination of the invoices and shipping manifests, the apparatus shipped on December 3, 1993.[15] Further, Mr. Van Severen states that it is established Krueger policy and procedure to have shipped items proceed directly to their destination upon shipment from the Krueger facility.[16]

II.     **Standard of Review**

---

[9] Krueger ¶ 16-17; Krueger Exs. C, D.
[10] Krueger ¶ 17.
[11] Krueger ¶¶ 18, 19; Krueger Exs. E, I.
[12] Krueger ¶¶ 18,19; Krueger Exs. E, I.
[13] Krueger ¶ 24; Krueger Ex. G.
[14] Krueger ¶ 18,19; Krueger Exs. E, I.
[15] Krueger ¶ 23, Krueger Ex, F, ¶ 22.
[16] Krueger ¶ 25, Krueger Ex, F, ¶ 24.

The Court will grant summary judgment under Federal Rule of Civil Procedure 56 if a party presents evidence that demonstrates the absence of a genuine issue of material fact.[17] The party seeking summary judgment may rely on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to show an absence of a genuine issue of material fact.[18] If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a genuine issue of material fact exists and the motion for summary judgment will be denied.[19] Courts consider the facts in the light most favorable to non-movants, drawing all reasonable inferences in their favor.[20]

### III. Analysis

In this motion, Krueger seeks summary judgment on plaintiff's strict product liability claim based on the Illinois product liability statute of repose ("statute of repose").[21] The applicable provision of the statute of repose states that,

> no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.[22]

For purposes of this motion, the essential portion of this rule provides that a strict product liability claim is barred after "12 years from the date of the manufacturer's first sale of the product or 10

---

[17] *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[18] *Celotex Corp.*, 477 U.S. at 324.
[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
[20] *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).
[21] 735 ILCS 5/13-213.
[22] 735 ILCS 5/13-213(b).

years from the date of the product's first sale to an initial user," whichever occurs first.[23] However, so long as the injury occurs within the earlier of the two time periods, a plaintiff is given an additional two years, from the date that the injury is discovered, to file suit.[24] (We note that an attempt by the Illinois Legislature to extend the statute of repose to all product liability actions based on any theory or doctrine, not just strict liability, was declared unconstitutional by the Illinois Supreme Court.[25] Therefore, the statute of repose applies only to plaintiff's strict liability count and not the negligence count.)

Krueger contends that the apparatus was delivered to the USPS on December 3, 1993. If so, the ten year repose period would apply because the USPS was the initial user or consumer, and it would expire on December 3, 2003. Krueger concludes that because plaintiff was not injured until February 11, 2004, the statute of repose bars his claim. Plaintiff argues that the evidence presented by Krueger is insufficient to show that there was "delivery of possession" of the apparatus on December 3, 1993. As noted earlier, plaintiff also objects to Krueger's exhibits.

**A.      Delivery of the Apparatus**

Plaintiff predominately argues that Krueger has no evidence showing when the product was actually delivered to the USPS, only the date when it was shipped. Plaintiff states, "Krueger wants this Court to assume without any proof that because a document has a shipping date stated on it, that it automatically means the products shipped on that date." However, there is credible evidence that the apparatus shipped directly to the USPS on December 3, 1993. Several documents support

---

[23]*Taylor v. Raymond Corp.*, 719 F. Supp. 738, 742 (N.D. Ill. Sept. 7, 1989).
[24]735 ILCS 5/13-213(d).
[25]*See Best v. Taylor Mach. Works*, 689 N.E.2d 1057 (Ill. 1997).

Krueger's claim that the apparatus was shipped on that date, and an affidavit completed by an employee states that it is Krueger policy to ship items directly to the customer. Further, there are instructions, on a special invoice, which state that the apparatus is to be shipped with another order destined for the USPS on December 3, 1993. Because the Krueger facility is approximately 200 miles from the USPS location, the apparatus was likely delivered the same day it was shipped.

Plaintiff engages in an extensive discussion that "delivery of possession" means either physical delivery or delivery of the right to control. Plaintiff argues this point in order to persuade the Court that Krueger's evidence of shipment is not evidence of delivery. However, the evidence of shipment in conjunction with the evidence of the proximity of the two locations, and the affidavit testimony stating that items are shipped directly to the consumer, convince us that the apparatus arrived on, or close to, December 3, 1993. We emphasize again that without any contradictory evidence from the plaintiff, such as a conflicting affidavit, we cannot say that there is a genuine issue of fact to be decided at trial. We also note the while "delivery of possession" is one mechanism that begins the repose statute, it is not the only mechanism. The repose period is triggered "10 years from the date of first sale, lease *or* delivery of possession."[26]

Plaintiff suggests that, perhaps, the apparatus was delivered to Moreno, at the USPS location, and remained in Moreno's possession for some unspecified time. Yet, plaintiff presents no evidence to support this theory. Plaintiff does not present evidence that Moreno was even ever at the USPS. On the other hand, Krueger has presented evidence that the apparatus was shipped on December 3, 1993, that it was shipped with another order destined for the same USPS location, and that it is

---

[26] 735 ILCS 5/13-213(b)(emphasis added).

common practice and policy to ship items directly to the customer. While one can conjure up endless speculation as to alternative delivery dates, plaintiff must put forth some actual evidence to support the theory that the apparatus arrived at the USPS more than two months after it shipped. The Seventh Circuit has stated that "a mere scintilla of evidence in support of a claim will be insufficient" to avoid summary judgment.[27] Instead, "there must be evidence on which a jury could reasonably find for the non-moving party."[28] Here, plaintiff does not present even a scintilla of evidence that the apparatus failed to arrive on December 3, 1993. We also note that so long as the apparatus was delivered to the USPS prior to February 11, 1994, plaintiff's strict product liability claim would be barred. Therefore, the Court finds it exceedingly unlikely that a product that shipped on December 3, 1993 would not be in the possession of the USPS more than two months later. Given the evidence presented by Krueger, and the lack of evidence presented by plaintiff, we find no genuine issue of material fact and, therefore, hold that summary judgment is appropriate.

**B.    Objections to Krueger's Exhibits**

While we are confident that the evidence supports a finding that plaintiff's strict liability count is barred, plaintiff argues that Krueger's evidence is technically flawed. First, Krueger attacks the affidavit submitted by Timothy Van Severen, the Krueger employee. Plaintiff argues that if Mr. Van Severen did not begin working at Krueger until November 1998, then he cannot have personal knowledge that Krueger's practices and procedures have been unchanged since 1993. While it is possible that between 1993 and 1998 Krueger changed its shipping procedures, the Court finds it unlikely Krueger's past shipping procedures would be so drastically different that the apparatus

---

[27] *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008).
[28] *Id.*

would not arrive within two months from the shipping date (again, the apparatus simply needed to arrive at the USPS location prior to February 11, 1994 to bar plaintiff's strict liability claim). But we need not make a finding as to Mr. Van Severen's affidavit because, even without the affidavit, all of the documents confirm a shipping date of December 3, 1993. And, put simply, plaintiff has failed to rebut this fact. Plaintiff does not proceed to trial on this issue absent some evidence that would call the documents - or the shipping date itself - into question.

Second, plaintiff objects to the mapquest.com map Krueger attached to its motion, which indicates that the Krueger facility and the USPS location are 193.2 miles apart. Plaintiff argues that no foundation has been established to authenticate the map's accuracy. The Court, however, can take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[29] The Court takes judicial notice of the fact that Green Bay, Wisconsin is approximately 200 miles from Chicago, Illinois.[30]

Third, Plaintiff objects to the Krueger shipping manifests and invoices. Plaintiff cites to Federal Rule of Evidence 1003, which states that, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."[31] Plaintiff argues that in this circumstance it is unfair to use duplicates of the invoices and shipping documents because the reverse side of the documents are not included. Plaintiff argues that the documents refer to terms and conditions that are on the reverse side, and if these terms and conditions were included they

---

[29] Fed. R. Evid. 201(b).
[30] Google Maps, http://maps.google.com (last visited January 7, 2011).
[31] Fed. R. Evid. 1003.

could sway our decision. However, plaintiff also does not specifically suggest how these terms and conditions could alter our finding. The legal issue here is a very simply factual determination: did the apparatus arrive at the USPS prior to February 11, 1994. The evidence supports a finding that the apparatus shipped on December 3, 1993, and the Court does not believe any terms or conditions would likely undermine this conclusion. The Court, therefore, finds it appropriate that plaintiff proffered duplicates of the invoices and shipping documents.

Fourth, Plaintiff objects to Krueger's "special invoice," arguing that if it is "special" it could not be made in the regular course of business activity. Under Federal Rule of Evidence 803(6) a document must be made in the regular course of business, otherwise it is inadmissable hearsay.[32] We disagree, however, that just by labeling the invoice "special" it means that the invoice is not made in the regular course of business. Instead, after examination of the documents and the affidavit, the court assumes that the special invoice is used whenever there is an intermediary reseller and there are additional instructions that pertain to a specific order. The document is still created in the regular course of business.

Finally, plaintiff argues that sworn or certified copies of documents referred to in an affidavit must be attached to the affidavit. Plaintiff cites to Federal Rule of Civil Procedure 56(e)(1). We note that Rule 56 was amended, effective December 1, 2010, and no longer requires sworn or certified copies of documents that are referred to in an affidavit.[33] Instead, Rule 56(c) requires only that a statement or dispute of fact be supported by materials in the record.[34] While this motion was

---

[32] Fed. R. Evid. 803(6).
[33] Fed. R. Civ. P. 56.
[34] Fed. R. Civ. P. 56(c).

filed prior to that amendment becoming effective, retroactive application of amendments to the Federal Rules of Civil Procedure is encouraged.[35] Furthermore, the purpose of requiring sworn or certified copies was to ensure statements of fact were supported by materials in the record.[36] As discussed, we believe the record supports the facts asserted by Krueger.

**IV.     Conclusion**

For the reasons explained above, we find the statute of repose bars Count I of the Complaint, plaintiff's strict product liability claim. Krueger's motion for summary judgment is, thus, granted [dkt. 91]. The parties are ordered to file any motions in limine, and the final pretrial order, on or before February 3, 2011. The final pretrial conference is set for February 17, 2011 at 10:30 a.m.

**IT IS SO ORDERED**.

**ENTERED: January 13, 2011**

                                         **UNITED STATES MAGISTRATE JUDGE**
                                         **Susan E. Cox**

---

[35] *See Long v. Simmons,* 77 F.3d 878, 879 (5th Cir. 1996) (stating that, "[a]mendments to the Federal Rules of Civil Procedure should be given retroactive application 'to the maximum extent possible.'").
[36] Fed R. Civ. P. 56(c), Advisory Committee Notes, 2010 Amendments.