# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GALVAN, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 07 C 607 |
| KRUEGER INTERNATIONAL, INC., a Wisconsin Corporation, | ) | |
|     Defendant. | ) | |
| KRUEGER INTERNATIONAL, INC., a Wisconsin Corporation, | ) | Magistrate Judge Susan E. Cox |
|     Third-Party Plaintiff, | ) | |
| v. | ) | |
| United States, | ) | |
|     Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for Federal Rule of Civil Procedure 54(b) certification and to stay this case, filed by Plaintiff, John Galvan ("plaintiff") [dkt. 118]. Plaintiff filed this motion after we granted defendant Krueger International, Inc.'s ("defendant") motion for summary judgment, which was directed at Count I of plaintiff's complaint for strict product liability. So the only claim left for trial is Count II of plaintiff's complaint, for negligence. Because this motion immediately follows our ruling on the motion for summary judgment, we will dispense with any recitation of the facts and simply refer back to our previous Order.

In the present motion, plaintiff argues that the Court should certify for immediate appeal to the Seventh Circuit our ruling that dismissed the strict liability claim. In support, plaintiff claims that

there exists some danger of hardship to plaintiff should the appellate court reverse, and plaintiff be required to re-try his case for a second time. We disagree.

Defendant submitted a supplemental brief on this issue and, as it noted, Rule 54(b) certification is not applicable here. To be appealable, our ruling on Count I must be a final judgment. Rule 54(b) provides that,

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.[1]

To be a "judgment" per the rule it must be a "decision upon a cognizable claim for relief" and to be "final" it must be "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[2] The court then must determine whether there is "no just reason for delay."[3]

As noted by the Seventh Circuit, to determine whether Rule 54(b) applies to a given case, the critical question is whether more than one claim for relief is presented. In this case there are two claims alleged: strict product liability and negligence. If these two counts constitute one claim for relief for purposes of Rule 54(b), then we are required to resolve both counts before the case is appealable.[4] The purpose behind the confined scope of Rule 54(b) is to "'spare the court of appeals from having to keep relearning the facts of a case on successive appeals.'"[5] The Seventh Circuit explains, therefore, that they have adopted a standard that focuses on the degree of "factual overlap"

---

[1] Fed.R.Civ.P. 54(b).
[2] *Indiana Harbor Belt R. Co. v. American Cyanamid Co.,* 860 F.2d 1441, 1444 (7th Cir. 1988)(citing *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7 (1980)).
[3] *Indiana Harbor Belt R. Co ,* 860 F.2d at 1444.
[4] *Id.*
[5] *Id.* (quoting *Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698, 701-02 (7th Cir. 1984)).

between the claim being certified for appeal and the issues that would remain before the district court.[6]

Similar to the Seventh Circuit's analysis in *Indiana Harbor Belt R. Company v. American Cyanamid Company,*[7] this case does not present a difficult question on this point. Plaintiff has sought relief in the form of damages for medical expenses related to his injury. In support of his asserted right to recover those damages, plaintiff has offered two legal theories. Because "mere variations of legal theory do not constitute separate claims"[8] plaintiff's possible recovery under his strict liability claim, for example, would satisfy, in full, his claim for relief.[9] It is settled that when a party appeals from the dismissal of one of many different counts, courts agree that it is sound to prohibit an immediate appeal because "the party attempting to appeal may still be awarded relief on one or more of the counts which were not dismissed..."[10] As in *Indiana Harbor,* this case does not present an exception to the general rule that "mere alternative legal theories constitute only one claim for relief for purposes of Rule 54(b)."[11]

Though we need not address the second step in the process - whether there is any just reason for delay - a brief mention is worthwhile. As stated by the Supreme Court of the United States, even if a court determines that there is a "final judgment" for purposes of Rule 54(b), "not all final

---

[6]*Id.* (noting that "'if there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal. The gains from forcing the consolidation of appeals will therefore be small and will be outweighed by the benefits of an immediate appeal in resolving the parties' rights with respect to a part of the controversy between them. By the same token, if there is a great deal of factual overlap between the decided and the retained claims, they are not separate, and appeal must be deferred till the latter are resolved'" quoting *Jack Walters,* 737 F.2d at 702).
[7]860 F.2d 1441 (7th Cir. 1988).
[8]*See Local P-171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co.*, 642 F.2d 1065, 1071 (7th Cir. 1981).
[9]*See Indiana Harbor Belt R. Co ,* 860 F.2d at 1445.
[10]*Id.* at 1446.
[11]*Id.*

judgments on individual claims should be immediately appealable."[12] The district court acts as a "dispatcher" and must use its discretion to determine when a decision is ready for appeal.[13] The Supreme Court has, therefore, refused to "fix or sanction narrow guidelines" for district courts to follow when ruling on Rule 54(b) requests.[14] Here we find the issues presented in both Counts to be so similar that subsequent appeals would be unnecessary, and would certainly be duplicative work for the court of appeals.

Finally, because we stated that we would also construe plaintiff's motion as a motion to reconsider, we must briefly address plaintiff's supplemental brief on this point. Unfortunately, plaintiff does nothing more than reargue the issues in the motion for summary judgment, which is not permissible.[15] Plaintiff again asserts that defendant did not establish, in its original motion, the exact date of delivery of possession to the United States Postal Service ("USPS") for purposes of the statute of repose. Plaintiff reiterates that defendant has the burden of establishing that the date of delivery of possession of the chair apparatus to the USPS was outside of the repose period. But because, plaintiff argues, defendant did not, the burden did not shift back to plaintiff (as the non-moving party).

We, however, read the standard for a motion for summary judgment differently. As the moving party, we agree that defendant has the initial burden of informing the court of the basis for its motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that it believes demonstrate the absence

---

[12] *Curtiss-Wright Corp.,* 446 U.S. at 8.
[13] *Id.*
[14] *Id.* at 10.
[15] *See Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)(stating that under Federal Rule of Civil Procedure 59, a motion to reconsider may not simply rehash old arguments and may not introduce evidence that could have been presented earlier).

of a genuine issue of material fact.[16] The nonmoving party, though, must also go beyond the face of the pleadings, affidavits, depositions, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact.[17] More specifically, the nonmovant must show that a rational jury could return a verdict in its favor.[18] And because defendant would have the burden of establishing its defense, that the statute of repose applies, it must establish "affirmatively the lack of 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'"[19] In other words, defendant must show that the evidence of its defense is so "one-sided" that it must prevail as a matter of law.[20]

We believe that it did. Plaintiff would prefer a standard that requires defendant to present direct evidence showing the exact date of delivery and, if it cannot (or if such evidence does not exist), then plaintiff believes he has a right to trial so that he can argue that the apparatus may not have been delivered before the applicable date. But the grant of summary judgment has never required only the showing of direct evidence. Where direct evidence is unavailable, cases are often proven by circumstantial evidence. In fact, circumstantial evidence can be "'of equal probative value to direct evidence'" or even more reliable.[21]

In this case, defendant had the initial burden to show that "delivery of possession"[22] occurred

---

[16] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)(quoting Fed.R.Civ.P. 56(c)).
[17] *Id.* at 322-23.
[18] *Id.* at 325 (holding that the "burden on the moving party may be discharged by "showing" - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case.").
[19] *See Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.,* 971 F.2d 37, 42 (7th Cir. 1992)(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986)).
[20] *Reserve Supply Corp.,* 971 F.2d at 42 (discussing the burden of proof by defendants where they had to show that their "good faith" was so "one-sided" that they would prevail as a matter of law).
[21] *Abdullahi v. City of Madison,* 423 F.3d 763, 771 (7th Cir. 2005)(quoting *Murrell v. Frank,* 332 F.3d 1102, 1117 (7th Cir 2003)).
[22] 735 ILCS 5/13-213(b).

within "10 years from the date of the product's first sale to an initial user."[23] We acknowledged in our original summary judgment ruling that defendant presented no direct evidence of delivery on December 3, 1993, or thereafter. Defendant, rather, submitted multiple documents evidencing that the apparatus shipped directly to the USPS on December 3, 1993, from a location that was less than 200 miles from the USPS location. Plaintiff responded with nothing. Plaintiff argued then, and now, that because there is no certainty (i.e., direct evidence) that the apparatus actually arrived on December 3, 1993, or within two months thereafter, a fact question exists warranting a jury determination. But that is not the summary judgment standard. There must be a "*genuine* issue" for the case to proceed to trial.[24] "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."[25] However theoretically possible it might be that the apparatus left the manufacturer but then did not arrive at its destination for over two months, "[plaintiff] must flesh out [his] theory with evidence; speculation will not do."[26]

With no contrary evidence from plaintiff, a reasonable factfinder could not determine that the apparatus failed to arrive at the USPS - as was indicated on the shipping documents - on or around December 3, 1993. Without "some evidence calling into question the accuracy of [defendant's] representations on this subject, we accept them as true for summary judgment purposes."[27] We, therefore, find that defendant met its burden.

---

[23]*Taylor v. Raymond Corp.,* 719 F.Supp. 738, 742 (N.D. Ill. Sept. 7, 1989).
[24]Fed.R.Civ.P. 56(e)(emphasis added); *see also Outlaw v. Newkirk,* 259 F.3d 833, 837(7th Cir. 2001)(stating that a factual dispute is "genuine" for purposes of summary judgment when there is "'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'").
[25]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).
[26]*See Avery v. Mapco Gas Products, Inc.,* 18 F.3d 448, 453 -54 (7th Cir., 1994).
[27]*See id*.

As a final note, the case relied upon by plaintiff, *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.,*[28] only supports this finding. In that case, the plaintiff was seriously injured when he allegedly fell from a defective ladder, though he did not remember falling and no one saw the cause of the accident. The defendants sought summary judgment arguing that the facts did not support the inference that there was a defect in the ladder. The court, however, disagreed. The court relied on circumstantial evidence, such as witness testimony of the scene after plaintiff's accident and testimony by the first responders.[29] The court held that such evidence established a genuine issue of material fact as to whether the plaintiff's accident was caused by the failure of the ladder.[30] As that court noted, to avoid summary judgment the nonmovant must do more than "raise a 'metaphysical doubt' as to the material facts," and because plaintiff *had* done so - by presenting evidence that linked the accident to the ladder (though there was no direct evidence that the ladder caused the accident) - the court denied summary judgment.[31]

We, therefore, conclude that plaintiff is simply incorrect when he claims that defendant's evidence "did nothing to establish, or even suggest by inference, the date of delivery of possession to the USPS."[32] To the contrary, defendant put forth circumstantial evidence to show just that. And plaintiff has failed to show - both during the original briefing on the motion for summary judgment and now - any evidence that would permit a reasonable factfinder to find delivery did not, in fact, occur. Plaintiff's speculation that the delivery may not have occurred in that two month time period after shipment is simply insufficient in opposition to defendant's substantial evidence that the

---

[28] 2010 WL 145788 (N.D. Ill. Jan. 12, 2010).
[29] *Baugh ex rel. Baugh,* 2010 WL 145788 at *5.
[30] *Id.*
[31] *Id.*
[32] Dkt 127, Plaintiff's Supplemental Memorandum at 4.

apparatus left the manufacturer on December 3, 1993.[33]

**IT IS SO ORDERED**.

**ENTERED: February 11, 2011**

                                            **UNITED STATES MAGISTRATE JUDGE**
                                            **Susan E. Cox**

---

[33]*See, e.g., Lennon v. Christoph,* 1997 WL 57150 (N.D. Ill. Feb. 7, 1997)(applying *Avery* and holding that where plaintiffs did, indeed, produce more than mere speculation through deposition testimony - which was circumstantial evidence - they sufficiently showed a genuine issue of material fact that warranted trial).